**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

FOUR RIVERS LAND &
TIMBER COMPANY LLC,

Plaintiff,

v. Case No. ________________

FOLEY CELLULOSE LLC,

Defendant.
______________________________/

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant Foley Cellulose LLC removes to this Court this action from the Circuit Court of the Third Judicial Circuit in and for Taylor County, Florida. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## BACKGROUND

### A. Overview of the Complaint

On April 4, 2025, Plaintiff Four Rivers Land & Timber Company LLC ("Four Rivers") filed its Complaint against Foley Cellulose in Florida's Third Judicial

Circuit in Taylor County. *See* Ex. 1, Compl. Four Rivers served Foley Cellulose with the Complaint on April 11, 2025. *See* Ex. 2, State Ct. Docket at 17.[1]

In its Complaint, Four Rivers alleges Foley Cellulose is unlawfully using a wastewater pipeline that runs through part of Four Rivers' land in Taylor County. Ex. 1 ¶ 1. Four Rivers contends an easement agreement limits Foley Cellulose's use of the pipeline to transport and discharge of wastewater "generated by and during the operation of" Foley Cellulose's nearby pulp mill. *Id.* ¶¶ 12–13. Four Rivers further contends that operations at the pulp mill ceased and Foley Cellulose continued to use the pipeline to transport liquids and other materials, outside its rights under the easement agreement. *Id.* ¶¶ 17–18. Based on this theory, Four Rivers asserts causes of action for Unjust Enrichment (Count I) and Trespass (Count II). *See id.* ¶¶ 23–26, 27–31. Four Rivers seeks to recover damages and requests an injunction to prevent Foley Cellulose from using the pipeline. *Id.* ¶¶ 26, 31.

**B. The Complaint's jurisdictional allegations**

Four Rivers alleges that each party is a limited liability company ("LLC") organized under Delaware law with a "principal address" in Perry, Florida. *Id.* ¶¶ 2–3. The Complaint does not identify either of the LLCs' members or the citizenship of such members. *See generally id.* Four Rivers also alleges that "[t]his is an action for money damages and injunctive relief involving matters in excess of $50,000.00,

[1] Citations to page numbers refer to the pagination in the CM/ECF header.

exclusive of interest, attorney's fees, and costs." *Id.* ¶ 4.[2] In addition to compensatory damages, Four Rivers reserves its right to seek punitive damages arising from Foley Cellulose's alleged trespass. *Id.* ¶ 22 n.4.

## BASIS FOR REMOVAL

### A. The Court has diversity jurisdiction

This Court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). Jurisdiction under section 1332(a) therefore has two elements: (1) diversity of citizenship between the plaintiff and defendant, and (2) the amount in controversy. *Crook-Petite-El v. Bumble Bee Seafoods LLC*, 502 F. App'x 886, 887 (11th Cir. 2012) (citing *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005)).

1. *There is complete diversity of citizenship among the parties*

Both Four Rivers and Foley Cellulose are LLCs. *See* Ex. 1 ¶¶ 2–3. It is well-settled in the Eleventh Circuit that an LLC is a citizen of each state where its members are citizens. *See, e.g.*, *ECB USA, Inc. v. Chubb Ins. Co. of N.J.*, 113 F.4th 1312, 1318–19 (11th Cir. 2024) (citing *Rolling Greens MHP, LP v. Comcast SCH*

[2] Foley Cellulose agrees that the amount in controversy exceeds $50,000. Foley Cellulose denies that Four Rivers is entitled to any of the relief sought in the Complaint.

*Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004)). Thus, it is irrelevant that the parties are both Delaware LLCs with principal operations in Florida; rather, the parties' citizenship depends on the citizenship of their members. *Accord SE Prop. Holdings, LLC v. Philips*, 2016 WL 11529612, at *2 (N.D. Fla. May 3, 2016) ("Because SE Property is not a corporation but a limited liability company, its principal place of business is not relevant to diversity jurisdiction[.]"); *Glovis Ala., LLC v. Richway Transp. Servs. Inc.*, 2019 WL 4039626, at *6 (S.D. Ala. Aug. 27, 2019) ("LLC citizenship is only determined by the citizenship of the LLC's members—not the state of the LLC's incorporation or the LLC's principal place of business.").

***Foley Cellulose's citizenship.*** Foley Cellulose is a citizen of Kansas. Foley Cellulose's sole member is GP Cellulose, LLC. GP Cellulose, LLC's sole member is GP Packaging and Cellulose Operations Holdings LLC. GP Packaging and Cellulose Operations Holdings LLC's sole member is GPPC Equity Holdings LLC. GPPC Equity Holdings LLC's members are GPL Equity Holdings LLC and Georgia-Pacific LLC. GPL Equity Holdings LLC's members are GP Liquidity Holdings LLC and Georgia-Pacific LLC. GP Liquidity Holdings LLC's sole member is Georgia-Pacific LLC. Georgia-Pacific LLC's sole member is Georgia-Pacific Holdings, LLC. Georgia-Pacific Holdings, LLC's sole member is Georgia-Pacific Equity Holdings LLC. Georgia-Pacific Equity Holdings LLC's sole member

is Koch Renewable Resources, LLC. Koch Renewable Resources, LLC's sole member is Koch Companies, LLC. Finally, Koch Companies, LLC's sole member is Koch, Inc.

Koch, Inc. is a Kansas corporation. *See* Ex. 3, Koch, Inc.'s Am. & Restated Arts. of Incorp. at 2. Koch, Inc.'s principal place of business is likewise in Kansas. Thus, Koch, Inc.—the ultimate member in the tree of Foley Cellulose's membership—is a citizen of Kansas. *See Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead*, 162 F.3d 1101, 1106 (11th Cir. 1998) ("[A] corporation is a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Therefore, Foley Cellulose is also a citizen of Kansas.

***Four Rivers' citizenship.*** Although the Complaint does not disclose the citizenship of Four Rivers' members, upon information and belief, Four Rivers is not a citizen of Kansas because none of its members are citizens of Kansas. Foley Cellulose has conducted a diligent, good-faith investigation into Four Rivers' membership to determine the company's citizenship. For example, because Four Rivers is an LLC organized under Delaware law, Ex. 1 ¶ 2, Foley Cellulose reviewed the publicly available information relating to Four Rivers on Delaware's Division of Corporations website. The publicly available Delaware information does not reflect that Four Rivers or its members are citizens of Kansas or have any connection to Kansas.

Additionally, Four Rivers alleges that its principal address is in Perry, Florida. *Id.* ¶ 2. Thus, Foley Cellulose reviewed the publicly available information relating to Four Rivers on Florida's Division of Corporations website, including Four Rivers' most recent annual report and its original registration to do business in Florida. Like the information available from Delaware, none of the public information available from Florida's Division of Corporations reflects that Four Rivers or its members are citizens of Kansas or have any connection to Kansas.

Rather, upon information and belief, Four Rivers is a citizen of Connecticut and/or Florida. Foley Cellulose's investigation into Four Rivers' citizenship has identified two potential members of Four Rivers: Christopher Uzpen and Thomas Peterffy. Foley Cellulose identified Mr. Uzpen in Four Rivers' most recent annual report with the State of Florida, where he is listed as Manager and CEO of Four Rivers. *See* Ex. 4, Annual Report at 2. The annual report lists Mr. Uzpen's address in Greenwich, Connecticut. *Id.* Thus, to the extent Mr. Uzpen is a member of Four Rivers, Foley Cellulose is informed and believes that Mr. Uzpen is a citizen of Connecticut, and not a citizen of Kansas.

Foley Cellulose identified Mr. Peterffy from various Florida news sources, which report that Mr. Peterffy is the founder, chairman, and CEO of Interactive Brokers Corp., a Connecticut corporation. These news sources, including those local to the Taylor County area, also report that Mr. Peterffy is the owner and main

investor of Four Rivers.[3] Upon information and belief, Mr. Peterffy is either a citizen of Connecticut, where he founded Interactive Brokers, or Florida, where he owns a home in Palm Beach. Upon information and belief, Mr. Peterffy is not a citizen of Kansas.

This Court permits a party to allege the citizenship of an unincorporated entity "upon information and belief" following a good-faith investigation into the citizenship of the entity's members. *See RT-Destin Assocs. LLC v. Nexpoint Real Estate Advisors LP*, 2020 WL 6505014, at *1–2 (N.D. Fla. Nov. 5, 2020). And while the Eleventh Circuit has not addressed this topic, *see id.* at *2, this Court's *RT-Destin* decision is in accord with several Circuits holding that a party may plead diversity of citizenship—including the allegation that a party is "not" a citizen of a state—upon information and belief. *See, e.g.*, *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108–10 (3d Cir. 2015) (permitting a plaintiff to plead that the defendant "is *not* a citizen of the plaintiff's state of citizenship," even where plaintiff could not

---

[3] *See Florida's Newest Land Baron*, FLORIDA TREND (Jan. 26, 2017), http://floridatrend.com/article/21395/floridas-new-land-baron/; *Four Rivers Owner Identified*, PERRY NEWS-HEARLD TACO TIMES (Feb. 1, 2017), https://perrynewspapers.com/?p=15158; *Legislature's Planned Road Project Could Benefit Florida's Richest Man*, FLORIDA PHOENIX (Mar. 21, 2019), https://floridaphoenix.com/2019/03/21/legislatures-planned-road-project-could-benefit-floridas-richest-man/; *New Toll Roads Could Be a Boon to Billionaires*, TAMPA BAY TIMES (Apr. 24, 2019), https://www.tampabay.com/florida-politics/2019/04/24/new-toll-roads-could-be-a-boon-to-billionaires-to-floridians-who-knows/.

plead the defendant's "precise state of citizenship") (emphasis in original); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) ("We conclude that in this situation it was sufficient for Carolina to allege simply that the defendants were diverse to it. Relatedly, we hold that Carolina should have been permitted to plead its allegations on the basis of information and belief."); *Med. Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010) (permitting plaintiff to plead "upon information and belief" that defendants were citizens of a different state than plaintiff).

Here, Foley Cellulose has conducted a diligent, good-faith, pre-removal investigation into the citizenship of Four Rivers' members, including a review of publicly available sources, such as Delaware's and Florida's business registries and Florida news sources. *Cf. RT-Destin*, 2020 WL 6505014, at *2. While Foley Cellulose's investigation was unable to conclusively identify Four Rivers' members, the investigation found no connection to Kansas and certainly no suggestion that any member of Four Rivers is a citizen of Kansas. *Cf. id.* at *1 n.1. To the contrary, Foley Cellulose's investigation indicates that Four Rivers is a citizen of Connecticut and/or Florida, but not Kansas.

Because Foley Cellulose is a citizen of Kansas, and Foley Cellulose's investigation into Four Rivers' membership yields no indication that Four Rivers is

a Kansas citizen, Foley Cellulose has carried its burden to establish diversity of citizenship.

2. *The amount in controversy is over $75,000*

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Flournoy v. Dowd*, 2021 WL 6328352, at *2 (N.D. Fla. Oct. 25, 2021) (citing *Rowe v. U.S. Bancorp*, 569 F. App'x 701, 703 (11th Cir. 2014)). Rather, the removing defendant must show by a "preponderance of the evidence" that the amount in controversy "more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (alteration omitted). Here, the facial allegations of the Complaint and Foley Cellulose's exhibits in support of this Notice satisfy the preponderance standard.

First, Four Rivers itself has estimated that this action involves an amount exceeding $100,000. In the civil cover sheet that Four Rivers filed with its Complaint in state court, Four Rivers selected an option stating the "Amount of Claim" was "over $100,000." Ex. 2 at 3. Notably, the civil cover sheet gave Four Rivers six different options to select for the "Amount of Claim," four of which were below $75,000. *See id.* Thus, at Four Rivers' first opportunity to consider the amount in controversy in this case, Four Rivers estimated that it exceeded $75,000.

In a similar vein, Four Rivers alleges that this action "involv[es] matters in excess of $50,000.00, exclusive of interest, attorney's fees and costs." Ex. 1 ¶ 4. Importantly, Four Rivers does not limit the value of its action to $50,000. Indeed, Four Rivers imposes no upward limitation on the value of its action—it simply states the action involves more than $50,000. *Id.* Thus, like its estimate in the civil cover sheet, Four Rivers' allegations leave open the opportunity for Four Rivers to seek in excess of the $75,000 jurisdictional requirement.

Further, the nature of Four Rivers' claims reveals that more than $75,000 is in controversy. To begin, Four Rivers' unjust enrichment claim seeks to recover damages in the amount of the "value of the benefit" that Foley Cellulose derives from its allegedly unauthorized use of the pipeline. *Id.* ¶ 26. Four Rivers attached a pre-suit demand letter to the Complaint, which described the damages it is seeking, including the "substantial economic benefits" Foley Cellulose is allegedly receiving by using the pipeline to avoid (1) "far more expensive methods" to dispose of the wastewater and (2) "substantial remediation costs" related to the pulp mill. Ex. 1 at 70.

There is no doubt that alternative wastewater disposal methods cost more than $75,000. The alternatives in this case are (1) permitting and discharging stormwater and groundwater into the Fenholloway River and (2) permitting and constructing a spray-irrigation field on the property surrounding the pulp mill to distribute the

wastewater as effluent. *See* Ex. 5, Declaration of David Massengill ¶ 8. The cost of the initial consulting and permitting for these alternatives alone exceeds $147,000. *Id.* ¶¶ 7–9. Further, the cost to construct and operate the required infrastructure for either alternative would exceed $500,000. *Id.* ¶¶ 10–11. While Foley Cellulose does not concede that Four Rivers is entitled to such damages—or even that Four Rivers' theory for measuring unjust-enrichment damages is correct—Four Rivers' unjust enrichment claim, as pled, puts well over $75,000 in controversy.

Four Rivers also asserts a claim for trespass. *See* Ex. 1 ¶¶ 27–31. As with its unjust enrichment claim, Four Rivers seeks to recover damages in the amount of the value of the benefit Foley Cellulose receives from the allegedly unauthorized pipeline use. *Id.* ¶ 31. Four Rivers also seeks compensatory damages arising from Foley Cellulose's allegedly unauthorized use of the pipeline. *See id.* ¶ 30. And, because it alleges Foley Cellulose to be intentionally continuing to trespass, Four Rivers states that it will seek punitive damages for its trespass claim. *Id.* ¶ 22 n.4; *see also id.* at 70 ("These damages will include punitive damages since Foley Cellulose's wrongful trespass is both knowing and intentional.").

The threat of punitive damages causes the amount in controversy to exceed $75,000. Florida statutory law affords plaintiffs the opportunity to recover $500,000 or more in punitive damages for any given case. *See* Fla. Stat. § 768.73(1)(a). Similarly, punitive damages amounts awarded in Florida caselaw regarding trespass

claims exceed $75,000. *See, e.g.*, *Kish v. McDonald's Corp.*, 564 So. 2d 1177, 1179 (Fla. 4th DCA 1990) (affirming jury's award of $500,000 in punitive damages for trespass).

While Foley Cellulose disputes that Four Rivers is entitled to any damages, much less punitive damages, the threat of punitive damages is still relevant to the amount in controversy. "Punitive damages must be considered when determining the jurisdictional amount in controversy 'unless it is apparent to a legal certainty that such cannot be recovered.'" *Jordan v. Closet Factory Franchise Corp.*, 2025 WL 1100911, at *5 (11th Cir. Apr. 14, 2025) (quoting *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)). Under Florida law, punitive damages are an appropriate remedy for intentional trespass, including trespass that stems from misuse of an easement, as Four Rivers alleges here. *See, e.g.*, *RJ's Int'l Trading, LLC v. Crown Castle S. LLC*, 2021 WL 12323951, at *9 (S.D. Fla. Nov. 15, 2021) (citing *Pace Prop. Fin. Auth., Inc. v. Jones*, 24 So. 3d 1271, 1272 (Fla. 1st DCA 2009), and *Kish*, 564 So. 2d at 1179). Thus, while Foley Cellulose denies Four Rivers' entitlement to any damages, it is not a "legal certainty" that Four Rivers will fail to obtain punitive damages in this action. Accordingly, Four Rivers' punitive damages claim is relevant to the amount-in-controversy analysis, and demonstrates that this action involves far more than $75,000.

Finally, the amount-in-controversy requirement is satisfied because Four Rivers seeks injunctive relief, the value of which far exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(A)(i) (permitting a defendant to show the amount in controversy through reference to "nonmonetary relief" sought by the plaintiff). Four Rivers seeks an injunction enjoining Foley Cellulose from further use of the pipeline. Ex. 1 ¶ 31.

Courts routinely find that injunctions either have value to the plaintiff in excess of the amount-in-controversy requirement or add sufficient value to the plaintiff's monetary claims to exceed the jurisdictional minimum. *E.g.*, *Clear Channel Commc'ns, Inc. v. Griffin*, No. 4:05-cv-429, [ECF No. 54] at 6 (N.D. Fla. Feb. 7, 2006) ("Nothing in this record establishes to a legal certainty that any such injunctive relief [precluding defendant from continued violation of his contractual duty] would not have a value in excess of $75,000."); *Young*, 2016 WL 2547164, at *1; *Dawson v. Circle K Stores Inc.*, 2020 WL 12279300, at *2 (N.D. Fla. Sept. 28, 2020); *Walker v. U.S. Bank Nat'l Ass'n*, 2013 WL 1137006, at *2 (N.D. Ga. Mar. 15, 2013), *aff'd*, 572 F. App'x 740 (11th Cir. 2014).

Nothing in this record establishes to a legal certainty that Four Rivers' requested injunction would not have a value exceeding $75,000. To the contrary, as Four Rivers' pre-suit correspondence contemplates and Foley Cellulose's exhibits confirm, the value of an injunction enjoining Foley Cellulose from continuing to use

the pipeline would be substantial, easily in excess of $500,000. *See* Ex. 1 at 70; Ex. 5 ¶¶ 10–11. Therefore, Four Rivers' request for an injunction further establishes that this action involves an amount in controversy exceeding $75,000.

In sum, both the allegations of the Complaint and the exhibits in support of this Notice demonstrate, by a preponderance of the evidence, that (1) the parties are diverse and (2) the amount in controversy exceeds $75,000. As such, removal of this action is appropriate pursuant to this Court's original jurisdiction. *See* 28 U.S.C. § 1332.

**B. Foley Cellulose has satisfied the procedural requirements for removal**

In addition to satisfying the substantive requirements for diversity jurisdiction, Foley Cellulose has complied with the procedural requirements for removal under diversity jurisdiction. Foley Cellulose was served with the Complaint on April 11, 2025. Foley Cellulose has removed this action "within 30 days after receipt . . . of a copy of the initial pleading setting forth the claim for relief[.]" 28 U.S.C. § 1446(b). Moreover, in accordance with 28 U.S.C. § 1446(a), Foley Cellulose has included with this Notice the Complaint and all other papers served in the state court action. *See* Exs. 1, 2. Foley Cellulose is also concurrently filing a notice in the state court informing the clerk and parties that this action has been removed. *See* 28 U.S.C. § 1446(d). Additionally, as demonstrated above, Foley Cellulose is not a citizen of Florida, so removal does not violate the "forum-

defendant" rule set forth in 28 U.S.C. § 1441(b)(2). Finally, Foley Cellulose removes this action to the Tallahassee Division of this Court, which is "the district and division embracing the place where [this] action is pending." *See* 28 U.S.C. § 1441(a); N.D. Fla. Local R. 3.1(A)(3).

**CONCLUSION**

WHEREFORE, Foley Cellulose respectfully provides notice that it removes this action to this Court.[4]

[4] In removing this action, Foley Cellulose does not waive its right to move to compel arbitration, as set out in Section 10 of the parties' easement agreement.

Dated: May 2, 2025 Respectfully submitted,

| | |
|---|---|
| <u>*/s/ Michael C. Kelley*</u><br><br>Michael C. Kelley, Esq.<br>(FBN: 99492)<br>Caitlin N. Emling, Esq.<br>(FBN: 1026551)<br>**LAWSON HUCK GONZALEZ, PLLC**<br>4705 South Apopka Vineland Rd.,<br>Suite 210<br>Orlando, FL 32819<br>Phone: (407) 710-9950<br>michael@lawsonhuckgonzalez.com<br>caitlin@lawsonhuckgonzalez.com<br>kim@lawsonhuckgonzalez.com<br><br>Jason B. Gonzalez, Esq.<br>(FBN: 146854)<br>Vivekka Suppiah, Esq.<br>(FBN: 1058339)<br>**LAWSON HUCK GONZALEZ, PLLC**<br>215 S. Monroe St., Suite 320<br>Tallahassee, FL 32301<br>Phone: (850) 825-4334<br>jason@lawsonhuckgonzalez.com<br>vivekka@lawsonhuckgonzalez.com<br>michelle@lawsonhuckgonzalez.com<br><br>*Counsel for Defendant*<br>*Foley Cellulose LLC* | **HUNTON ANDREWS KURTH LLP**<br><br><u>*/s/ Laura T. Wagner*</u><br><br>Michael D. Morfey<br>*Pro Hac Vice forthcoming*<br>600 Travis Street, Suite 4200<br>Houston, TX 77002<br>T. (713) 220-4200<br>F. (713) 220-4285<br>michaelmorfey@hunton.com<br>*-and-*<br>Laura T. Wagner<br>Fla. Bar No. 104219<br>600 Peachtree St., NE, Suite 4100<br>Atlanta, GA 30308<br>T. (404) 888-4000<br>F. (404) 602-8865<br>lwagner@hunton.com<br>*-and-*<br>Tom K. Schulte<br>Fla. Bar No. 1025692<br>333 SE 2nd Ave., Suite 2400<br>Miami, FL 33131<br>T. (305) 810-2500<br>F. (305) 810-2460<br>tschulte@hunton.com<br><br>*Counsel for Defendant*<br>*Foley Cellulose LLC* |

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(F), I certify that this Notice of Removal and the incorporated memorandum of law contains 3,274 words.

*/s/ Laura T. Wagner*

**CERTIFICATE OF SERVICE**

I certify that on May 2, 2025, I filed a true and correct copy of the foregoing with the Clerk of Court via CM/ECF, which will send electronic notice to all counsel of record.

*/s/ Laura T. Wagner*